UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINE MARZETTE, an individual,<br><br>               Plaintiff,<br><br>   v.<br><br>PROVIDENT SAVINGS BANK, F.S.B.;<br>WELLS FARGO BANK, N.A.; AMERICAN<br>SERVICING COMPANY; NDEX WEST,<br>LLC; E*TRADE BANK; and DOES 1-<br>20, inclusive,<br><br>               Defendants. | Case No. 2:11-CV-2089 JAM-CKD<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO REMAND |

   This matter comes before the Court on Plaintiff Pauline Marzette's ("Plaintiff") Motion to Remand (Doc. #5) this case to the Superior Court of California, County of El Dorado.  Defendants Wells Fargo, N.A. ("Wells Fargo") and America's Servicing Company, named in the Complaint as American Servicing Company, ("ASC") (collectively "Defendants") oppose the motion to remand (Doc. #11). For the reasons set forth below, the Motion to Remand is DENIED.[1]

---

[1] This matter was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). Oral argument was scheduled for October 19, 2011.

1

I.  FACTUAL ALLEGATIONS AND SUMMARY OF ARGUMENTS

Plaintiff's Complaint (Doc. #1, Ex. A) alleges that she has a mortgage loan from Wells Fargo, secured by a Deed of Trust that encumbers her home. Compl., ¶¶ 1, 12. Plaintiff suffered financial difficulties, causing her to fall behind in her mortgage payments. Compl., ¶¶ 14-15. She alleges that she contacted ASC in an attempt to seek a loan modification, but that ASC refused to negotiate with her until she hired an attorney and her home was on the brink of foreclosure. Compl., ¶¶ 17-21. ASC then offered her a loan modification that allowed for reduced interest only payments for five years, which she alleges she accepted under duress. Compl., ¶¶ 21-22. Plaintiff alleges that ASC did not make clear to her that this modification did not include escrow, and she did not understand that she would need to make separate escrow payments in addition to the modified mortgage payments. Compl., ¶ 24. The Complaint alleges that Plaintiff cannot afford to make additional escrow payments, and has realized that once her five year loan modification expires, she will be in the same, or worse, position than she was before the modification. Compl., ¶ 25. Plaintiff brings state law claims for breach of contract, breach of the covenant of good faith and fair dealing, and unfair business practices under California Business and Professions Code §§ 17200, et seq.

The Notice of Removal states that removal is proper due to diversity of citizenship among Plaintiff and all Defendants. The Notice of Removal claims that Plaintiff is a citizen of California, ASC is a citizen of South Dakota, NDEX West is a citizen of Delaware and Texas, and Wells Fargo is a citizen South Dakota. The

2

1  Motion for Remand argues that Wells Fargo is a citizen of South
2  Dakota and California, defeating complete diversity and requiring
3  remand to the Superior Court.  The Motion for Remand also seeks
4  attorneys' fees and costs for removal and remand.
5    Plaintiff asserts that other courts have found Wells Fargo to be
6  a citizen of California and South Dakota.  Plaintiff asks the Court
7  to take judicial notice (Doc. #6) of four cases that Plaintiff
8  contends support her argument that Wells Fargo is a citizen of
9  California and South Dakota.  Defendants contend that Wells Fargo
10 is only a citizen of South Dakota, and that courts have made this
11 finding.  Defendants also request that the Court take judicial
12 notice (Doc. #12) of a recorded copy of their Articles of
13 Association in South Dakota, and of a case from the Central
14 District of California in which the court reconsidered its earlier
15 position and found Wells Fargo to be a citizen only of South
16 Dakota.  The Court takes judicial notice as requested by both
17 parties.
18
19                  II.   PROCEDURAL BACKGROUND
20    Plaintiff's Complaint was originally filed in the Superior
21 Court in El Dorado County, on July 5, 2011.  Wells Fargo and ASC
22 removed the case to this Court on August 5, 2011 (Doc. #1).
23 Defendant NDEX West joined in removal (Doc. #2).  Wells Fargo and
24 ASC note that no other defendants were served, therefore no other
25 defendants needed to join in removal.  Defendant Provident Savings
26 Bank was dismissed from the Complaint (Doc. #10).
27 ///
28 ///

1  III. OPINION

2  Jurisdiction is a threshold inquiry before the adjudication of
3  any case before a court.  See <u>Morongo Band of Mission Indians v.</u>
4  <u>Cal. State Bd. of Equalization</u>, 858 F.2d 1376, 1380 (9th Cir.
5  1988).  A party may remove a state court action to federal court
6  pursuant to 28 U.S.C. § 1441.  Section 1441 provides that (1) a
7  civil action brought in State court, (2) over which the district
8  court has original jurisdiction, (3) can be removed to federal
9  court embracing that state court action, (4) by the defendant or
10 defendants in the state court action.

11 For removal to be proper, the district court must have original
12 jurisdiction.  Pursuant to 28 U.S.C. § 1332, district courts have
13 original jurisdiction of all civil actions "where the matter in
14 controversy exceeds the sum or value of $75,000, exclusive of
15 interest and costs, and is between citizens of different States..."
16 28 U.S.C. § 1332.  The party requesting removal bears the burden of
17 establishing that federal jurisdiction is proper.  <u>Gaus v. Miles,</u>
18 <u>Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).
19 "Federal jurisdiction must be rejected if there is any doubt as to
20 the right of removal."  <u>Id.</u>  (citing <u>Libhart v. Santa Monica Dairy</u>
21 <u>Co.</u>, 592 F.2d 1062, 1064 (9th Cir. 1979)).

22 Diversity must be complete, meaning that diversity is destroyed
23 if even one plaintiff and one defendant are citizens of the same
24 state.  <u>Tse v. Well Fargo Bank, N.A.</u>, 2011 WL 175520, *1 (N.D. Cal.
25 Jan. 19, 2011) (internal citations omitted).  28 U.S.C. § 1332
26 provides that a corporation may be a citizen of two different
27 states- the state by which is has been incorporated and the state
28 where it has its principal place of business.  <u>Id.</u>  However, 28

4

U.S.C. § 1348 limits the citizenship of a national banking association to the state in which the association is located.  Id.  Wells Fargo is a nationally chartered bank whose articles of association assert that its main office is in South Dakota.  Wells Fargo also maintains a principal place of business in San Francisco, California.  Tse, *supra* (citing cases).

   "In the course of holding that national banks are not 'located' in every state in which they operate a branch, the Supreme Court stated that national banks are located in the state designated in the bank's articles of association as its main office." Tse, 2011 WL 175520 at *2, citing Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006).  This is the "main office" test for national banks' citizenship.  Id.  However, the Supreme Court expressed no opinion as to whether national banks are also "located in states in which they maintain a principal place of business.  Id.  The Ninth Circuit has not offered a controlling authority on the question of a national bank's citizenship, but district court decisions from within the Ninth Circuit favor a holding that a national bank is a citizen of the state in which its main office, as specified in its articles of association, is located.  Id. (citing cases).

   This Court notes the split among district courts of the Ninth Circuit (compare, e.g., Saberi v. Wells Fargo Home Mortgage, 2011 WL 197860 at *3 (S.D. Cal. Jan.20, 2011) (holding that a national bank is a citizen of both the state in which it has designated its main office and the state where it has its principal place of business); Tse, 2011 WL 175520 at *3 (holding that a national banking association is a citizen only of the state in which its main office is located); Silva v. Wells Fargo Bank, N.A., 2011 WL

2437514, *2 (C.D. Cal. June 16, 2011) (same).  However, having reviewed the conflicting district court opinions, and the arguments promulgated by Plaintiff and Defendants in the motion to remand and brief in opposition to the motion, the Court finds most persuasive Defendants' arguments in opposition to remand.  In particular, the Court is not persuaded that the provisions in 28 U.S.C. § 1332 pertaining to the citizenship of corporations apply to national banking associations.  Instead, applying the "main office" test and 28 U.S.C. § 1348, the Court finds that Wells Fargo is a citizen only of South Dakota, the state where it has its main office pursuant to its Articles of Association.  Accordingly, the Court finds that Wells Fargo is a citizen of South Dakota, not California, and the Court has diversity jurisdiction over this case.

## IV.  ORDER

For the reasons set forth above, Plaintiff's Motion for Remand is DENIED.

IT IS SO ORDERED.

Dated: November 9, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE