1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11  PAULINE MARZETTE, an individual, )  Case No. 2:11-CV-2089 JAM-CKD
                                      )
12                       Plaintiff,   )  ORDER GRANTING DEFENDANTS'
                                      )  MOTION TO DISMISS
13       v.                           )
                                      )
14  PROVIDENT SAVINGS BANK, F.S.B.;   )
    WELLS FARGO; AMERICAN SERVICING   )
15  COMPANY; NDEX WEST, LLC.;         )
    E*TRADE BANK; and DOES 1-20,      )
16  inclusive,                        )
                                      )
17                       Defendants.  )

18       This matter comes before the Court on Defendants' Wells Fargo

19  ("Wells Fargo") and America's Servicing Company, named in the

20  Complaint as American Servicing Company, ("ASC") (collectively

21  "Defendants") Motion to Dismiss (Doc. #8) Plaintiff Pauline

22  Marzette's ("Plaintiff") Complaint (Doc. #1, Ex. A), for failure to

23  state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

24  Plaintiff opposes the motion to dismiss (Doc. #13).[1]  For the

25  reasons set forth below, the motion to dismiss is GRANTED.[2]

26  ———————————————

27  [1] The Court has considered Plaintiff's late-filed opposition.
    [2] This matter was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  Oral argument was scheduled
28  for October 19, 2011.

                                     1

## I.   FACTUAL ALLEGATIONS

Plaintiff's Complaint (Doc. #1, Ex. A) alleges that she has a mortgage loan from Wells Fargo, secured by a Deed of Trust that encumbers her home.  Compl., ¶¶ 1, 12.  Plaintiff suffered financial difficulties, causing her to fall behind in her mortgage payments.  Compl., ¶¶ 14-15.  She alleges that she contacted ASC in an attempt to seek a loan modification, but that ASC refused to negotiate with her until she hired an attorney and her home was on the brink of foreclosure.  Compl., ¶¶ 17-21.  ASC then offered her a loan modification that allowed for reduced interest only payments for five years, which she alleges she accepted under duress. Compl., ¶¶ 21-22.  Plaintiff alleges that ASC did not make clear to her that this modification did not include escrow, and she did not understand that she would need to make separate escrow payments in addition to the modified mortgage payments.  Compl., ¶ 24.  The Complaint alleges that Plaintiff cannot afford to make additional escrow payments, and has realized that once her five year loan modification expires, she will be in the same, or worse, position than she was before the modification.  Compl., ¶ 25.  Plaintiff brings state law claims for (1) breach of contract/breach of the covenant of good faith and fair dealing, and (2)unfair business practices under California Business and Professions Code §§ 17200, et seq.  Defendants argue that all claims should be dismissed with prejudice due to failure to state a claim.

## II.   PROCEDURAL BACKGROUND

Plaintiff's Complaint was originally filed in the Superior Court in El Dorado County, on July 5, 2011.  Wells Fargo and ASC

1  removed the case to this Court on August 5, 2011 (Doc. #1).

2  Defendant NDEX West joined in removal (Doc. #2).  Defendant

3  Provident Savings Bank was dismissed from the Complaint (Doc. 10).

4

5                          III. OPINION

6      A.   Legal Standard

7      A party may move to dismiss an action for failure to state a

8  claim upon which relief can be granted pursuant to Federal Rule of

9  Civil Procedure 12(b)(6).  In considering a motion to dismiss, the

10 court must accept the allegations in the complaint as true and draw

11 all reasonable inferences in favor of the plaintiff.  Scheuer v.

12 Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by

13 Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319,

14 322 (1972).  Assertions that are mere "legal conclusions," however,

15 are not entitled to the assumption of truth.  Ashcroft v. Iqbal,

16 129 S. Ct. 1937, 1950 (2009) (citing Bell Atl. Corp. v. Twombly,

17 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a

18 plaintiff needs to plead "enough facts to state a claim to relief

19 that is plausible on its face." Twombly, 550 U.S. at 570.

20 Dismissal is appropriate where the plaintiff fails to state a claim

21 supportable by a cognizable legal theory.  Balistreri v. Pacifica

22 Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

23     Upon granting a motion to dismiss for failure to state a

24 claim, the court has discretion to allow leave to amend the

25 complaint pursuant to Federal Rule of Civil Procedure 15(a).

26 "Dismissal with prejudice and without leave to amend is not

27 appropriate unless it is clear . . . that the complaint could not

28 be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc.,

1   316 F.3d 1048, 1052 (9th Cir. 2003).

2        Generally, the court may not consider material beyond the

3   pleadings in ruling on a motion to dismiss for failure to state a

4   claim.   There are two exceptions: when material is attached to the

5   complaint or relied on by the complaint, or when the court takes

6   judicial notice of matters of public record, provided the facts are

7   not subject to reasonable dispute.  Sherman v. Stryker Corp., 2009

8   WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (internal citations

9   omitted).   Defendants request judicial notice (Doc. #9) of four

10  recorded documents: the Deed of Trust, Notice of Default, Notice of

11  Trustee's Sale, and Notice of Rescission of Notice of Default.

12  Plaintiff does not object to the Court taking judicial notice of

13  these public documents, some of which are referenced in the

14  Complaint.  Accordingly, the Court takes judicial notice as

15  requested.

16       B.   Claims for Relief

17            1.   Unfair Business Practices

18       The first claim for relief, brought against all defendants,

19  asserts that ASC violated California's unfair competition law,

20  California Business and Professions Code § 17200 ("UCL"), by

21  refusing to negotiate with Plaintiff regarding a loan modification

22  because Plaintiff was not current on her payments, only negotiating

23  once Plaintiff retained an attorney, and waiting until shortly

24  before foreclosure to offer Plaintiff a loan modification.

25  Plaintiff alleges that the terms of the modification are such that

26  she is not contributing to the equity that she had in her home,

27  making it more difficult to afford payments once the modified terms

28  end.   Further, Plaintiff alleges that ASC took advantage of

1  Plaintiff's duress by not clearly explaining to her that she would

2  still be responsible for escrow payments, a fact she realized

3  belatedly.

4      Defendants contend that Plaintiff has failed to state a claim

5  for violation of the UCL because she does not cite any wrongful

6  conduct by ASC.  Defendants contend that there is no legal

7  requirement that a loan servicer or beneficiary under a deed of

8  trust offer a borrower a loan modification or even consider a

9  borrower for a modification.  Additionally, to invoke the doctrine

10 of economic duress, Plaintiff must show wrongful conduct by

11 Defendants.  Moreover, Plaintiff must have suffered financial

12 injury to have standing to bring a UCL claim, and Defendants assert

13 that the Complaint does not state that Plaintiff has suffered any

14 financial harm as a result of wrongful conduct by Defendants.

15     California Business and Professions Code 17200 defines unfair

16 competition as an unlawful, unfair or fraudulent business act or

17 practices.  To make out a claim based on unlawful conduct,

18 Plaintiff must allege facts sufficient to establish a violation of

19 some law.  To establish fraudulent conduct, Plaintiff must allege,

20 with particularity, facts sufficient to establish that the public

21 would likely be deceived by Defendants' conduct, including specific

22 deceptive statements or omission with alleged facts showing why

23 those specific statements or omission would be likely to deceive

24 the public.  Finally, to assert an unfair business act or practice,

25 Plaintiffs must state facts showing that Defendants' conduct is

26 unfair."  Banaga v. Taylor Bean Mortg. Co., 2011 WL 5056985, *6

27 (N.D. Cal. Oct. 24, 2011) (internal citations omitted).  Here, the

28 Complaint does not meet this standard, as Plaintiff fails to plead

1  facts showing violation of a law, fraud, or unlawful conduct.

2      While Plaintiff's opposition brief states that ASC acted

3  unfairly and in a manner likely to injure and deceive the public

4  when it represented to Plaintiff that her total monthly payment

5  under the loan modification would include escrow and then later

6  demanded a separate escrow payment, these allegations are not

7  contained in the Complaint.  The allegations of the Complaint

8  merely allege delay in negotiating and offering a loan

9  modification, and a misunderstanding by Plaintiff of the

10 modification terms.  In Cal. Civ. Code § 2923.6 the legislature

11 declared that a servicer acts in the best interests of all parties

12 if it implements a loan modification; however nothing in section

13 2923.6 imposes a duty on servicers of loans to modify the terms of

14 loans or creates a private right of action for borrowers.  Vissuet

15 v. Indymac Mortg. Services, 2010 WL 1031013, *6 (S.D. Cal. Mar. 19,

16 2010) (citing cases).

17      Proposition 64 restricts standing to bring an unfair

18 competition claim to any "person who has suffered injury in fact

19 and has lost money or property" as a result of unfair competition.

20 Shaw v. BAC Home Loans Servicing, LP, 2011 WL 805938, *2 (S.D. Cal.

21 Feb. 28, 2011) (citing Cal Bus. & Prof Code 17204).  There are

22 innumerable ways in which economic injury from unfair competition

23 may be shown.  Shaw, 2011 WL 805938 at *3 (citing Kwikset Corp. V.

24 Superior Court, 51 Cal.4th 310 (2011)).  Plaintiff's opposition

25 brief did not address Defendants' Proposition 64 argument.

26 Moreover, the Complaint is devoid of any allegations of economic

27 injury.  Plaintiff received a loan modification and her house was

28 not foreclosed upon.

1   Accordingly, the Court finds that the allegations of the

2   Complaint fail to state a claim for violation of Cal. Bus. & Prof.

3   Code 17200, as Plaintiff has failed to allege unlawful, fraudulent

4   or unfair conduct by Defendants, nor has she alleged an injury

5   conferring standing to bring a UCL claim.  The motion to dismiss

6   the UCL claim is GRANTED, and the claim is dismissed with leave to

7   amend.

8            2.    Breach of Contract/Breach of Duty of Good Faith and
                   Fair Dealing
9

10   The second claim for relief, brought against all defendants,

11   contains allegations of breach of contract and breach of the duty

12   of good faith and fair dealing.  The complaint alleges that ASC

13   agreed to service Plaintiff's mortgage and breached this agreement

14   by not adequately servicing the mortgage when it refused to

15   negotiate a loan modification with Plaintiff until she hired an

16   attorney.  Alternatively, the Complaint alleges that by refusing to

17   discuss any negotiation with Plaintiff regarding the terms of her

18   mortgage, ASC interfered with Plaintiff's rights to have ASC act as

19   adequate mortgage servicer, in violation of the duty of good faith

20   and fair dealing.

21   Defendants argue that Plaintiff has failed to state a claim

22   for breach of contract because her allegations that ASC refused to

23   negotiate a modification do not constitute breach of any contract.

24   Defendants note, in the motion and reply, that Plaintiff fails to

25   attach the purported contract or refer to its terms.  To the extent

26   that Plaintiff is basing her claim on oral representations,

27   Defendants argue that the terms of an actual contract would prevail

28   over any oral representations to the contrary.

1     Plaintiff's opposition brief argues that according to her

2  written loan modification contract, her monthly payments would

3  include escrow.  Plaintiff contends that she discovered in February

4  of 2010 that escrow was not included and she was required to make

5  additional escrow payments.  Based on these new allegations,

6  Plaintiff contends the Complaint stated a claim for breach of

7  contract and breach of the duty of good faith and fair dealing.

8  However, none of these new allegations are included in the

9  Complaint, thus the Court cannot consider them in deciding the

10  motion to dismiss.

11     In California, "[a] cause of action for breach of contract

12  requires proof of the following elements: (1) existence of the

13  contract; (2) plaintiff's performance or excuse for nonperformance;

14  (3) defendant's breach; and (4) damages to plaintiff as a result of

15  the breach."  CDF Firefighters v. Maldonado, 158 Cal.App.4th 1226,

16  1239 (2008).  A breach of contract claim rests upon the actual

17  terms of a contract and a plaintiff must allege a breach of the

18  express provisions of a contract.  See Nichols v. Greenpoint

19  Mortgage Funding, Inc., 2008 WL 3891126, at *4 (C.D. Cal. Aug. 19,

20  2008) (dismissing breach of contract claim where "[p]laintiff has

21  failed to set forth any provisions of the Notes that were

22  breached.").  Likewise, "to establish a breach of an implied

23  covenant of good faith and fair dealing, a plaintiff must establish

24  the existence of a contractual obligation, along with conduct that

25  frustrates the other party's rights to benefit from the contract."

26  Fortaleza v. PNC Fin. Servs. Group, Inc., 2009 U.S. Dist. LEXIS

27  64624 **15-16 (N.D. Cal. July 27, 2009).  Here, the Complaint fails

28  to set forth the terms of a contract that was breached, and thus

1  Plaintiff failed to properly plead a claim for either breach of

2  contract or breach of the duty of good faith and fair dealing.

3  Accordingly, the motion to dismiss the second claim for relief is

4  GRANTED.   The second claim is dismissed with leave to amend.

5

6                              IV.   ORDER

7       For the reasons set forth to above, the Motion to Dismiss is

8  GRANTED.   Because Plaintiff may be able to amend the Complaint to

9  properly plead her claims for relief, the Court will allow

10  Plaintiff the opportunity to file an amended complaint.   The Court

11  notes that the Complaint does not contain any allegations

12  pertaining to actions taken by defendants Wells Fargo, NDEX West or

13  E*Trade Bank.   If the amended complaint likewise does not contain

14  any allegations against these defendants they will be dismissed

15  with prejudice at that time.

16       If Plaintiff chooses to file an amended complaint pursuant to

17  this order, it must be filed within twenty-one (21) days of the

18  date of this Order.

19       IT IS SO ORDERED.

20  Dated: November 9, 2011                    _____
                                                JOHN A. MENDEZ,
21                                              UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28