UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINE MARZETTE, an individual, | Case No. 2:11-CV-2089 JAM-CKD |
| Plaintiff, | ORDER GRANTING DEFENDANTS' <u>MOTION TO DISMISS</u> |
| v. | |
| PROVIDENT SAVINGS BANK, F.S.B.; WELLS FARGO; AMERICAN SERVICING COMPANY; NDEX WEST, LLC.; E*TRADE BANK; and DOES 1-20, inclusive, | |
| Defendants. | |

This matter comes before the Court on Defendants' Wells Fargo ("Wells Fargo") and America's Servicing Company, named in the Complaint as American Servicing Company, ("ASC") (collectively "Defendants") Motion to Dismiss (Doc. #8) Plaintiff Pauline Marzette's ("Plaintiff") Complaint (Doc. #1, Ex. A), for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion to dismiss (Doc. #13).[1] For the reasons set forth below, the motion to dismiss is GRANTED.[2]

---

[1] The Court has considered Plaintiff's late-filed opposition.
[2] This matter was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). Oral argument was scheduled for October 19, 2011.

1

# I. FACTUAL ALLEGATIONS

Plaintiff's Complaint (Doc. #1, Ex. A) alleges that she has a mortgage loan from Wells Fargo, secured by a Deed of Trust that encumbers her home. Compl., ¶¶ 1, 12. Plaintiff suffered financial difficulties, causing her to fall behind in her mortgage payments. Compl., ¶¶ 14-15. She alleges that she contacted ASC in an attempt to seek a loan modification, but that ASC refused to negotiate with her until she hired an attorney and her home was on the brink of foreclosure. Compl., ¶¶ 17-21. ASC then offered her a loan modification that allowed for reduced interest only payments for five years, which she alleges she accepted under duress. Compl., ¶¶ 21-22. Plaintiff alleges that ASC did not make clear to her that this modification did not include escrow, and she did not understand that she would need to make separate escrow payments in addition to the modified mortgage payments. Compl., ¶ 24. The Complaint alleges that Plaintiff cannot afford to make additional escrow payments, and has realized that once her five year loan modification expires, she will be in the same, or worse, position than she was before the modification. Compl., ¶ 25. Plaintiff brings state law claims for (1) breach of contract/breach of the covenant of good faith and fair dealing, and (2)unfair business practices under California Business and Professions Code §§ 17200, et seq. Defendants argue that all claims should be dismissed with prejudice due to failure to state a claim.

# II. PROCEDURAL BACKGROUND

Plaintiff's Complaint was originally filed in the Superior Court in El Dorado County, on July 5, 2011. Wells Fargo and ASC

removed the case to this Court on August 5, 2011 (Doc. #1). Defendant NDEX West joined in removal (Doc. #2).  Defendant Provident Savings Bank was dismissed from the Complaint (Doc. 10).

### III. OPINION

#### A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc.,

316 F.3d 1048, 1052 (9th Cir. 2003).

Generally, the court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. There are two exceptions: when material is attached to the complaint or relied on by the complaint, or when the court takes judicial notice of matters of public record, provided the facts are not subject to reasonable dispute. Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (internal citations omitted). Defendants request judicial notice (Doc. #9) of four recorded documents: the Deed of Trust, Notice of Default, Notice of Trustee's Sale, and Notice of Rescission of Notice of Default. Plaintiff does not object to the Court taking judicial notice of these public documents, some of which are referenced in the Complaint. Accordingly, the Court takes judicial notice as requested.

    B.    Claims for Relief

        1.    Unfair Business Practices

The first claim for relief, brought against all defendants, asserts that ASC violated California's unfair competition law, California Business and Professions Code § 17200 ("UCL"), by refusing to negotiate with Plaintiff regarding a loan modification because Plaintiff was not current on her payments, only negotiating once Plaintiff retained an attorney, and waiting until shortly before foreclosure to offer Plaintiff a loan modification. Plaintiff alleges that the terms of the modification are such that she is not contributing to the equity that she had in her home, making it more difficult to afford payments once the modified terms end. Further, Plaintiff alleges that ASC took advantage of

4

1  Plaintiff's duress by not clearly explaining to her that she would
2  still be responsible for escrow payments, a fact she realized
3  belatedly.
4  　　　Defendants contend that Plaintiff has failed to state a claim
5  for violation of the UCL because she does not cite any wrongful
6  conduct by ASC.  Defendants contend that there is no legal
7  requirement that a loan servicer or beneficiary under a deed of
8  trust offer a borrower a loan modification or even consider a
9  borrower for a modification.  Additionally, to invoke the doctrine
10 of economic duress, Plaintiff must show wrongful conduct by
11 Defendants.  Moreover, Plaintiff must have suffered financial
12 injury to have standing to bring a UCL claim, and Defendants assert
13 that the Complaint does not state that Plaintiff has suffered any
14 financial harm as a result of wrongful conduct by Defendants.
15 　　　California Business and Professions Code 17200 defines unfair
16 competition as an unlawful, unfair or fraudulent business act or
17 practices.  To make out a claim based on unlawful conduct,
18 Plaintiff must allege facts sufficient to establish a violation of
19 some law.  To establish fraudulent conduct, Plaintiff must allege,
20 with particularity, facts sufficient to establish that the public
21 would likely be deceived by Defendants' conduct, including specific
22 deceptive statements or omission with alleged facts showing why
23 those specific statements or omission would be likely to deceive
24 the public.  Finally, to assert an unfair business act or practice,
25 Plaintiffs must state facts showing that Defendants' conduct is
26 unfair."  <u>Banaga v. Taylor Bean Mortg. Co.</u>, 2011 WL 5056985, *6
27 (N.D. Cal. Oct. 24, 2011) (internal citations omitted).  Here, the
28 Complaint does not meet this standard, as Plaintiff fails to plead

5

facts showing violation of a law, fraud, or unlawful conduct.

While Plaintiff's opposition brief states that ASC acted unfairly and in a manner likely to injure and deceive the public when it represented to Plaintiff that her total monthly payment under the loan modification would include escrow and then later demanded a separate escrow payment, these allegations are not contained in the Complaint. The allegations of the Complaint merely allege delay in negotiating and offering a loan modification, and a misunderstanding by Plaintiff of the modification terms. In Cal. Civ. Code § 2923.6 the legislature declared that a servicer acts in the best interests of all parties if it implements a loan modification; however nothing in section 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of action for borrowers. <u>Vissuet v. Indymac Mortg. Services</u>, 2010 WL 1031013, *6 (S.D. Cal. Mar. 19, 2010) (citing cases).

Proposition 64 restricts standing to bring an unfair competition claim to any "person who has suffered injury in fact and has lost money or property" as a result of unfair competition. <u>Shaw v. BAC Home Loans Servicing, LP</u>, 2011 WL 805938, *2 (S.D. Cal. Feb. 28, 2011) (citing Cal Bus. & Prof Code 17204). There are innumerable ways in which economic injury from unfair competition may be shown. <u>Shaw</u>, 2011 WL 805938 at *3 (citing <u>Kwikset Corp. V. Superior Court</u>, 51 Cal.4th 310 (2011)). Plaintiff's opposition brief did not address Defendants' Proposition 64 argument. Moreover, the Complaint is devoid of any allegations of economic injury. Plaintiff received a loan modification and her house was not foreclosed upon.

Accordingly, the Court finds that the allegations of the Complaint fail to state a claim for violation of Cal. Bus. & Prof. Code 17200, as Plaintiff has failed to allege unlawful, fraudulent or unfair conduct by Defendants, nor has she alleged an injury conferring standing to bring a UCL claim.  The motion to dismiss the UCL claim is GRANTED, and the claim is dismissed with leave to amend.

### 2. Breach of Contract/Breach of Duty of Good Faith and Fair Dealing

The second claim for relief, brought against all defendants, contains allegations of breach of contract and breach of the duty of good faith and fair dealing.  The complaint alleges that ASC agreed to service Plaintiff's mortgage and breached this agreement by not adequately servicing the mortgage when it refused to negotiate a loan modification with Plaintiff until she hired an attorney.  Alternatively, the Complaint alleges that by refusing to discuss any negotiation with Plaintiff regarding the terms of her mortgage, ASC interfered with Plaintiff's rights to have ASC act as adequate mortgage servicer, in violation of the duty of good faith and fair dealing.

Defendants argue that Plaintiff has failed to state a claim for breach of contract because her allegations that ASC refused to negotiate a modification do not constitute breach of any contract. Defendants note, in the motion and reply, that Plaintiff fails to attach the purported contract or refer to its terms.  To the extent that Plaintiff is basing her claim on oral representations, Defendants argue that the terms of an actual contract would prevail over any oral representations to the contrary.

7

Plaintiff's opposition brief argues that according to her written loan modification contract, her monthly payments would include escrow. Plaintiff contends that she discovered in February of 2010 that escrow was not included and she was required to make additional escrow payments. Based on these new allegations, Plaintiff contends the Complaint stated a claim for breach of contract and breach of the duty of good faith and fair dealing. However, none of these new allegations are included in the Complaint, thus the Court cannot consider them in deciding the motion to dismiss.

In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal.App.4th 1226, 1239 (2008). A breach of contract claim rests upon the actual terms of a contract and a plaintiff must allege a breach of the express provisions of a contract. See Nichols v. Greenpoint Mortgage Funding, Inc., 2008 WL 3891126, at *4 (C.D. Cal. Aug. 19, 2008) (dismissing breach of contract claim where "[p]laintiff has failed to set forth any provisions of the Notes that were breached."). Likewise, "to establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." Fortaleza v. PNC Fin. Servs. Group, Inc., 2009 U.S. Dist. LEXIS 64624 **15-16 (N.D. Cal. July 27, 2009). Here, the Complaint fails to set forth the terms of a contract that was breached, and thus

1  Plaintiff failed to properly plead a claim for either breach of
2  contract or breach of the duty of good faith and fair dealing.
3  Accordingly, the motion to dismiss the second claim for relief is
4  GRANTED.  The second claim is dismissed with leave to amend.
5
6                          IV.   ORDER
7       For the reasons set forth to above, the Motion to Dismiss is
8  GRANTED.  Because Plaintiff may be able to amend the Complaint to
9  properly plead her claims for relief, the Court will allow
10 Plaintiff the opportunity to file an amended complaint.  The Court
11 notes that the Complaint does not contain any allegations
12 pertaining to actions taken by defendants Wells Fargo, NDEX West or
13 E*Trade Bank.  If the amended complaint likewise does not contain
14 any allegations against these defendants they will be dismissed
15 with prejudice at that time.
16      If Plaintiff chooses to file an amended complaint pursuant to
17 this order, it must be filed within twenty-one (21) days of the
18 date of this Order.
19      IT IS SO ORDERED.
20 Dated: November 9, 2011
21                                   JOHN A. MENDEZ,
                                     UNITED STATES DISTRICT JUDGE